UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARTIN REYES BONILLA and JOSE D. REYES
BONILLA, individually and on behalf of all
others similarly-situated,

       Plaintiffs,

   -against-

KEBAB GRILL, INC., d/b/a Wild Fig, WF GRILL, INC.
d/b/a Wild Fig, PIDERIA, INC., d/b/a Wild Fig, WFMG,
INC., d/b/a Wild Fig, ALI UGAN a/k/a Alex Ugan and
GWEN UGAN a/k/a WENDY UGAN,

       Defendants.
-----------------------------------------------------------------X

14 Civ. 7315
(DRH)(AYS)

## NEGOTIATED SETTLEMENT AGREEMENT AND
## GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between MARTIN REYES BONILLA and JOSE D. REYES BONILLA, and said individuals' present or former spouses, dependents, heirs, executors, administrators, successors, assigns, lien holders, employers, creditors, debtors, attorneys and any otherwise affiliated or related persons and entities (hereinafter collectively referred to as "PLAINTIFFS") and KEBAB GRILL, INC., d/b/a Wild Fig, WF GRILL, INC. d/b/a Wild Fig, PIDERIA, INC., d/b/a Wild Fig, WFMG, INC., d/b/a Wild Fig, ALI UGAN a/k/a Alex Ugan and GWEN UGAN a/k/a WENDY UGAN, and said formerly related or affiliated persons or entities, including, but not limited to, any present or former successors, predecessors, parent corporations, subsidiaries, related domestic and foreign business entities, corporations, partnerships, subsidiaries, directors, officers, shareholders, partners, board members, joint ventures, employees, assigns, and successors in interest, representatives, agents, insurers, employee benefit plans, creditors, and

debtors both in their representative and individual capacities, (hereinafter collectively referred to as "DEFENDANTS"). The parties hereby agree as follows:

A.  WHEREAS, PLAINTIFFS initiated an action in the United States District Court, Eastern District of New York (Index No.: 14 Civ. 7315) alleging, *inter alia*, violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York State Labor Law; and

B.  WHEREAS, DEFENDANTS have denied PLAINTIFFS' claims; and

C.  WHEREAS, PLAINTIFFS and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation and the parties wish to settle this matter; and

D.  In light of the foregoing, based upon the foregoing promises and the consideration to be provided to PLAINTIFFS and the other promises set forth below, PLAINTIFFS and DEFENDANTS, intending to be legally bound, agree as follows:

1.  **Consideration to be Provided to PLAINTIFFS.**

In consideration for the promises made by PLAINTIFFS set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFFS NINETY THOUSAND DOLLARS ($90,000.00). Payments shall be made in nine (9) monthly payments as follows: the first payment of TEN THOUSAND DOLLARS ($10,000.00) shall be made within ten (10) days of the signing of this Agreement, and each of the eight (8) subsequent payments of TEN THOUSAND DOLLARS ($10,000.00) shall be paid each of the following eight (8) months thereafter. All payments will be made payable to STEVEN J. MOSER, P.C. PLAINTIFFS agree that they will be individually responsible for only the employee's share of any taxes due and for the allocation of funds pursuant to this paragraph and agree to indemnify and hold harmless DEFENDANTS for any

such liability.

2. **Adequate Consideration.**

PLAINTIFFS expressly stipulate that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims they are waiving under this Agreement and for the obligations imposed upon them by virtue of this Agreement. PLAINTIFFS acknowledge that by signing this Agreement they are waiving any additional claim for attorneys' fees, expenses and/or liquidated damages, and there will be no further or separate claim for attorneys' fees, expenses and/or liquidated damages. PLAINTIFFS expressly agree and acknowledge that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFFS in this Agreement.

3. **General Release of All Claims by PLAINTIFFS.**

PLAINTIFFS, individually and/or collectively, voluntarily and irrevocably release and forever discharge DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement. The disputes released by PLAINTIFFS include, but are not limited to, any and all disputes against DEFENDANTS concerning PLAINTIFFS' employment with or arising from their employment with DEFENDANTS or other direct and indirect affiliates.

The disputes released by PLAINTIFFS, individually and/or collectively, herein include those known or unknown, actual or contingent, in law, in equity, or otherwise, and whether based in tort, contract, statute, or any other basis. This release includes all disputes by which

PLAINTIFFS could seek equitable relief, actual compensatory, consequential, punitive, special, multiple, or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.

The disputes released by PLAINTIFFS include any and all disputes they have or may believe to have against DEFENDANTS, individually and/or collectively, arising under any federal, state, local, or foreign statute or regulation, individually or jointly, including, without limitation, those relating to the Federal Fair Labor Standards Act of 1938, the New York Labor Law §§ 190-199, 650-659, unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, sex, sexual harassment, religion, age, disability, or handicap) of any kind under the Federal Civil Rights Acts of 1866, 1871, 1964, and 1991 (including Title VII), the Age Discrimination in Employment Act of 1967, the Federal Americans With Disabilities Act, the Federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the New York State Human Rights Law, New York Executive Law § 290 *et seq.*, the New York Civil Rights Law, New York Civil Rights Law § 1 *et seq.*, the New York Equal Pay Law, the New York Whistleblower Law, New York Labor Law § 740 *et seq.*, the New York Legal Activities Law, New York Labor Law § 201-d, the New York occupational safety and health laws, the New York wage-hour and wage-payment laws, federal statutes regarding "whistleblower" activities, New York Workers' Compensation Law § 120, the Federal Family and Medical Leave Act of 1993, the Occupational Safety and Health Act of 1970, the Fair Credit Reporting Act, the Federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any third-party beneficiary claim; any other federal, state or local civil, human rights, bias, whistleblower, discrimination,

retaliation, compensation, employment, labor or other federal, state or local law, regulation or ordinance.

The disputes released by PLAINTIFFS also include any and all disputes they have or may believe to have against DEFENDANTS, individually and/or collectively, in contract or at common law, including, but not limited to, breach of oral, written, and/or implied contract, breach of an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy and constructive discharge, intentional, and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage.  PLAINTIFFS also hereby release DEFENDANTS for any claim of medical, psychiatric or psychological damage that PLAINTIFFS believe they may have been subjected to in relation to any claims they have or may believe to have against DEFENDANTS, individually and/or collectively.

The reference herein to specific statutory, contract, and common law claims is in no way intended to limit the disputes released by PLAINTIFFS.  PLAINTIFFS intend that the disputes released by them herein be construed as broadly as possible to cover any and all disputes that they have or believe to have against DEFENDANTS, individually and/or collectively.  In that regard, PLAINTIFFS further acknowledge that they may later discover facts in addition to, or different from, those which they now know or believe to be true with respect to the subject matter of this Agreement.  PLAINTIFFS agree that any such difference in the facts shall not affect this Agreement, that the PLAINTIFFS assume the risk of any such difference in the facts,

and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts. It is PLAINTIFFS' intention to fully, finally, and forever resolve and release any and all disputes they may have or believe to have against DEFENDANTS, individually and/or collectively, with respect to any alleged acts occurring before the effective date of this Agreement, whether those disputes presently are known or unknown, suspected, or unsuspected. If a claim is not subject to release, to the extent permitted by law, PLAINTIFFS waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which DEFENDANTS are a party. Notwithstanding the provisions contained herein, PLAINTIFFS specifically reserve the right to sue for enforcement of this Agreement and the consideration set forth in Paragraph One of this Agreement, in the event such consideration is not paid to PLAINTIFFS by DEFENDANTS pursuant to the terms of Paragraph One of this Agreement.

4. **General Release of All Claims by DEFENDANTS.**

In consideration of PLAINTIFFS' general release of all claims against DEFENDANTS and other good and valuable consideration, DEFENDANTS, and any and all of its affiliates, predecessors, successors and assigns and each of their respective officers, directors, partners, members, trustees, shareholders, employees, investors, principals, representatives, insurers, fiduciaries, and participants, irrevocably and unconditionally release and forever discharge PLAINTIFFS, and any and all of their heirs, legal representatives and their respective predecessors, successors and assigns, of any claims that could have been brought as of the date of execution of this Agreement.

5. **Satisfaction of PLAINTIFFS' Claims.**

Upon the signing of this document, PLAINTIFFS, through their attorneys, shall prepare and deliver in recordable form to DEFENDANTS' counsel, FRANKLIN, GRINGER & COHEN, P.C., a full and complete executed and acknowledged Stipulation of Discontinuance With Prejudice for filing with the United States District Court, Eastern District of New York with respect to PLAINTIFFS.

6. **PLAINTIFFS' Affirmations.**

  a. PLAINTIFFS promise and agree not to institute or to have instituted on their behalf any lawsuit or claim against DEFENDANTS with respect to any alleged acts occurring before the effective date of this Agreement. PLAINTIFFS agree that with respect to the claims they are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute, individually or collectively, but also that they are waiving their right to recover money or other relief in any action that might be brought on their behalf by any other person or entity, including, but not limited to, the United States Department of Labor, the New York State Department of Labor, the United States Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights, the New York State Workers' Compensation Board or any other (U.S. or foreign) federal, state, or local governmental agency, department, court and/or tribunal. In the event PLAINTIFF(S) are a member of a class that institutes such judicial, administrative or arbitral proceeding, to the extent that the asserted claims have been released under the terms of this Agreement, the claims therein asserted and released by this Agreement shall be dismissed and/or class membership terminated, and the PLAINITFFS shall take all steps necessary to effect said dismissal/termination of their


individual claims and/or participation. If the DEFENDANTS notify the PLAINTIFFS of any such action or proceeding, the PLAINTIFFS shall be required to take the necessary steps to effect their own required dismissal/termination within thirty (30) days of such notice. Except as may be prohibited by statute or requested by any governmental or enforcement agency, or as necessary to enforce this Agreement, the PLAINITFFS shall not, in any way, voluntarily assist any individual or entity concerning or prosecuting any action or proceeding against DEFENDANTS, including, but not limited to, any administrative agency claims, charges or complaints, lawsuits, counterclaims or cross claims, or in any way voluntarily participate or cooperate in any such action or proceeding as to matters released under the terms of this Agreement. This prohibition applies to every stage of any proceeding, including any trial, pre-trial preparation, pre-litigation fact gathering, or administrative agency procedure, and bars the PLAINTIFFS from voluntarily testifying, providing documents or information, advising, counseling or providing any other form of voluntary assistance to any person or entity who wishes to make or who is making any claims against the DEFENDANTS. As to any such contemplated, instituted or filed proceeding, the PLAINTIFFS shall neither seek nor accept any (1) monies, award or recovery therefrom for any matters released and waived by them in this Agreement and the General Release or related to said released or waived matters or (2) compensation for activities in support of any such action or proceeding. To the extent that any monies are awarded or paid to the PLAINTIFFS as a recovery or for activities in support of any such action or proceeding, including activities pre-institution or filing, the PLAINTIFFS shall be obligated to turn over all monies received, including attorneys' fees awarded, to the DEFENDANTS.

b. As a result of this settlement, PLAINTIFFS admit and affirm that they: (i) have been paid and have received all bonuses, payments, commissions, severance and benefits to which they may be entitled from DEFENDANTS and that no leave (paid or unpaid) or other compensation is due to them; (ii) have reported all hours that they allegedly worked; (iii) have been paid in full for all hours worked; (iv) have been paid for all alleged attorneys' fees and other relief to which they may be entitled; (v) understand that the consideration set forth in Paragraph 1 of this Agreement shall not be considered wages for purposes of pension or any other employment related benefits; and (vi) are not entitled to monies, relief or recovery whatsoever, except as set forth in Paragraph 1 of this Agreement.

c. PLAINTIFFS acknowledge that the terms of this Settlement were agreed to after such terms were negotiated through their counsel and upon consultation with their counsel, and that such Agreement will be sent to the Court for final approval.

d. PLAINTIFFS are not Medicare beneficiaries as of the date of this release, and no conditional payments have been made by Medicare for any reason whatsoever.

7. **No Disputes Pending or Assigned by PLAINTIFFS.**

a. PLAINTIFFS represent that they do not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against DEFENDANTS, either individually or jointly, other than the action before the United States District Court, Eastern District of New York (Index No.: 14 Civ. 7315), entitled *Bonilla et al. v. Kebab Grill, Inc.,* et al. PLAINTIFFS represent and agree that they will not hereafter pursue, initiate, or cause to be instituted any dispute released herein against DEFENDANTS, either individually or collectively. PLAINTIFFS further

represent that they have not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released by them herein;

 b. PLAINTIFFS shall not solicit or encourage any current or former employees of DEFENDANTS to bring any claim(s) against DEFENDANTS; and

 c. PLAINTIFFS confirm that, as of the date of execution hereof, they know of no other current or former employees of any DEFENDANTS who have expressed an interest in bringing any claim(s) against DEFENDANTS.

**8. Mutual Non-Disparagement.**

PLAINTIFFS and DEFENDANTS, their officers and/or employees, agree not to take, support, encourage, induce or voluntarily participate in any action or attempted action that would negatively comment on, disparage, or call into question the business operations, policies, or conduct of any other adverse party.

**9. No Admission of Liability or Wrongdoing.**

PLAINTIFFS agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFFS.

**10. Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFFS hereby represent that they have consulted their attorney(s) about this Agreement before signing it.

**11. Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

12. **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

13. **Disputes; Damages.**

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement pursuant to Paragraph 8 herein, it is understood and agreed that such dispute shall be resolved before the United States District Court, Eastern District of New York. The United States District Court, Eastern District of New York shall retain jurisdiction for purposes of enforcing the parties' settlement agreement. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement. Further, to the extent DEFENDANTS breach Paragraph 1 of this Agreement, PLAINTIFFS acknowledge that the Agreement is null and void, and PLAINTIFFS may pursue the claims they are waiving in this Agreement.

14. **Waiting Period, Right of Revocation, Effective Date.**

PLAINTIFFS acknowledge that they have been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement and that they have been given the opportunity and, in fact, have consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFFS sign this Agreement.

15. **Number.**

The use of the singular form of any word herein includes the plural and vice versa.

16. **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. All parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFFS and representatives of DEFENDANTS.

17. **Capability To Waive Claims.**

The parties are competent to effect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement. The parties are not affected or impaired in their ability to knowingly consider and execute this Agreement by illness, use of alcohol, drugs or other substances or otherwise. PLAINTIFFS are not a party to any

bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims against DEFENDANTS or to waive all claims that they may have against DEFENDANTS.

18. **Notices.**

Any notice under this Agreement shall be sent by facsimile and first class mail. If to DEFENDANTS, such notice shall be sent to Joshua Marcus, Esq., FRANKLIN, GRINGER & COHEN, P.C., 666 Old Country Road, Suite 202, Garden City, New York 11530, facsimile number (516) 228-3136, or by e-mail to Jmarcus@franklingringer.com. If to PLAINTIFFS, such notice shall be sent to Stephen John Moser, Esq., STEPHEN J. MOSER, P.C., Three School Street, Suite 270B, Glen Cove, NY 11542, or by e-mail to smoser@moseremploymentlaw.com. A party may change its address, facsimile number, or e-mail address for notices by providing notice to such effect in accordance with this Paragraph.

19. **Spanish Translation.**

PLAINTIFFS hereby represent that they have had this Agreement translated to them in Spanish by their counsel, and they understand the terms of the Agreement and a Certificate of Translation is annexed hereto and made part of this Agreement.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND GENERAL RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR**

REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST DEFENDANTS, INDIVIDUALLY OR JOINTLY.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

**THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.**

_m RB_
**MARTIN REYES BONILLA**
Date: 4/23/15

Sworn to and subscribed before me this
23 day of APRIL, 2015.

_[signature]_
Notary Public, State of New York

Print Name: Jose Dima Reyes Bonilla

_[signature]_
**JOSE D. REYES BONILLA**
Date: 4/23/15

Sworn to and subscribed before me this
23 day of APRIL, 2015.

_[signature]_
Notary Public, State of New York

Print Name:

_____
**KEBAB GRILL, INC., d/b/a Wild Fig**
By:_____

Date:

Sworn to and subscribed before me this
_____ day of _____, 2015.


Notary Public, State of New York


Print Name:

## THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

_____
**MARTIN REYES BONILLA**
Date:

Sworn to and subscribed before me this
_____ day of _____, 2015.


Notary Public, State of New York


Print Name:


_____
**JOSE D. REYES BONILLA**
Date:

Sworn to and subscribed before me this
_____ day of _____, 2015.


Notary Public, State of New York


Print Name:


_____
**KEBAB GRILL, INC., d/b/a Wild Fig**
By: _ALI UGAN_

Date: 04-24-15

Sworn to and subscribed before me this
24th day of April, 2015.


Notary Public, State of New York

> JOSHUA A. MARCUS
> NOTARY PUBLIC, State of New York
> No. 02MA6085921
> Qualified in Nassau County
> Commission Expires Jan. 13, 20 19

Print Name:

_____
**WF GRILL, INC., d/b/a Wild Fig**
By: _____
Date: 04-24-15

Sworn to and subscribed before me this
24th day of April, 2015.

> JOSHUA A. MARCUS
> NOTARY PUBLIC, State of New York
> No. 02MA6085921
> Qualified in Nassau County
> Commission Expires Jan. 13, 2019

Notary Public, State of New York

Print Name:

_____
**PIDERIA, INC., d/b/a Wild Fig**
By: ALI UGAN

Date: 04-24-15

Sworn to and subscribed before me this
24th day of April, 2015.

> JOSHUA A. MARCUS
> NOTARY PUBLIC, State of New York
> No. 02MA6085921
> Qualified in Nassau County
> Commission Expires Jan. 13, 2019

Notary Public, State of New York

Print Name:

_____
**WFMG, INC., d/b/a Wild Fig**
By: ALI UGAN
Date: 04-24-15

Sworn to and subscribed before me this
24th day of April, 2015.

> JOSHUA A. MARCUS
> NOTARY PUBLIC, State of New York
> No. 02MA6085921
> Qualified in Nassau County
> Commission Expires Jan. 13, 2019

Notary Public, State of New York

Print Name:

_____
**ALI UGAN**
Date: 04-24-15

Sworn to and subscribed before me this
24th day of April, 2015.

Notary Public, State of New York

Print Name:

> JOSHUA A. MARCUS
> NOTARY PUBLIC, State of New York
> No. 02MA6085921
> Qualified in Nassau County
> Commission Expires Jan. 13, 20 19

_____
**GWEN UGAN**
Date: 4/24/15

Sworn to and subscribed before me this
24th day of April, 2015.

Notary Public, State of New York

Print Name:

> JOSHUA A. MARCUS
> NOTARY PUBLIC, State of New York
> No. 02MA6085921
> Qualified in Nassau County
> Commission Expires Jan. 13, 20 19